Evans, Appellant, *v.* Hughes County, Respondent.

**1. Constitutional Law — Exclusive Ferry — Police Power.**

Section 55, chap. 29, Pol. C., Comp. L., § 1362, authorizing county commissioners to grant ferry leases to the highest bidders, is not invalid as being in conflict with § 1889, R. S. U. S., prohibiting the legislatures of the territories from granting "especial privileges," as such power is a proper police regulation.

**2. Contract — Parties — Privity.**

There is no such privity of contract between a lessor and the assignee of a lease as will enable the latter to maintain an action against the former to recover back the consideration paid for the lease (under a claim the lease was void); even though it be admitted the consideration paid belonged to the assignee.)

(Argued and determined at the October Term, 1888.)

APPEAL from the district court, Hughes county; Hon. James Spencer, Judge.

This is an action to recover back money paid for, and under a ferry lease, on the ground the lease was void. At the trial the court sustained an objection to the introduction of any evidence under the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The complaint alleged that heretofore the commissioners of said county represented that they had the power to sell and let a certain ferry privilege across the Missouri river at Pierre in said county; that, relying upon said representations and believing them to be true, one W. P. Ledwich, under the advertised invitation of said commissioners, bid, for a seven years' lease of said ferry, $800 for the year 1881; $1,000 for the year 1882; $1,100 for the year 1883; $1,300 for the year 1884; $1,400 for the year 1885; $1,500 for the year 1886; $1,600 for the year 1887; that on the 9th day of September, 1881, said commissioners undertook to sell, let and grant said privilege, and did sell, let and grant said privilege to said Ledwich in accordance with his said bid; that, by reason of said representations, pretended right, power and authority to grant said privilege, said Ledwich paid into the county treasury of said county under said contract and for said privilege, $800 on the 1st day of September, 1881, and $1,000 on the 10th day of January, 1882, and said money was, at said time, and now is, the money of this plaintiff, but has been appropriated to its own use by said county; that on

the 24th day of June, 1882, the said Ledwich duly assigned his right and interest in said money and said contract to this plaintiff; that plaintiff duly presented to the county commissioners of said county a bill for the said sums so paid, and demanded payment thereof, and they refused to pay the same; that, at the several times herein mentioned, the said county did not own said ferry privilege, and it had no right, power or authority to sell or let an exclusive privilege of ferry to said Ledwich, and the said contract did not in fact convey to him an exclusive right to maintain a ferry as therein covenanted, and the title and right of said county to sell or let an exclusive privilege has failed and does wholly fail, and the said county has failed and does wholly fail to keep its covenants in said contract; that said Ledwich fully performed all of the conditions of said contract on his part until informed and advised of conditions broken by said county; that he put a good and substantial ferry-boat on said ferry, but he never enjoyed any exclusive right of ferriage thereon nor profited by said contract, but continually lost money by reason of the maintaining of another ferry-boat or boats on said so-called exclusive privilege.

A copy of the bid was attached to and made a part of the complaint. In terms it did not appear to be for an exclusive ferry, but made in "accordance" with the advertisement. The advertisement was not in the record. Attached to and a part of the complaint was a copy of the recorded proceedings of the commissioners in accepting Ledwich's bid and leasing the ferry. They authorized the letting of the ferry "which shall extend two miles up and two miles down the Missouri river from the foot of Pierre street in Pierre * * * in accordance with the statutes in relation to the letting of ferries." The lease, afterward executed by the chairman of the board, a copy of which was also made a part of the complaint, was of an "exclusive right to operate and maintain a ferry." The answer in the case was a general denial. Upon the sustaining of the objection to the evidence and the dismissal of the action the plaintiff appealed.

The statutes involved will be found referred to in the head-note.

*H. E. Dewey*, for appellant.

Sections 54 to 62, chapter 29, Pol. C., in so far as authority is

given the commissioners to grant exclusive ferry privileges, are void as being in conflict with section 1889, R. S. U. S. The attempted grant having failed, appellant is entitled to recover as for money had and received. The grant was of an "especial privilege" within the meaning of section 1889. 2 Blackstone, 37; Truckee R. Co. v. Campbell, 44 Cal. 89; Charles R. B. Co. v. Warren B. Co., 11 Pet. 429; Bouvier Dic.; Angell & A., § 4; California S. T. Co. v. Alta T. Co., 22 Cal. 401; Boone Cor., § 35; Cooley, Const. Lim. 393; 73 Ill. 541; 45 Mo. 17, 20; Piscataqua B. Co. v. N. H. B. Co., 7 N. H. 35.

A general assignment of a contract carries with it all rights of action growing out of and incident to it. Waldron v. Willard, 17 N. Y. 466; Sherman v. Elder, 24 id. 384; Brickley v. Wells, 33 id. 521. Here it appears the money paid was appellant's. He was the real party in interest aside from the specific assignment.

*Coe I. Crawford*, for respondent.

Granting ferries is a proper exercise of police power. Cooley, Const. Lim. 593; Conway v. Taylor, 1 Black, 603; Chilvers v. People, 11 Mich. 43; Fleming v. Gregorie, 16 How. 534, Carter v. Brush, 25 Wend. 631; 15 Pick. 253; Thorpe v. Rutland & B. R. R. Co., 27 Vt. 140; Territory v. O'Connor, 5 Dak. 397, 37 N. W. Rep. 765.

The assignment carried with it no right to recover back money paid by the assignor. Kaolatype E. Co. v. Hoke, 30 Fed. Rep. 444.

By the COURT:

The judgment in this case is affirmed. 1. Because the respondent had a right to lease the ferry privilege to Ledwich, the assignor of the appellant, by virtue of its police power, and in so doing did not violate the provisions of section 1889, R. S. U. S. 2. Because there was no such privity of contract existing between the parties as would enable the appellant to maintain this action against the respondent. All of the justices concur.